IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Louis E. NEUENDORF, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Louis E. NEUENDORF,
Respondent.

Supreme Court

*No. 2005AP537–D. Decided January 23, 2007.*

2007 WI 9

(Also reported in 726 N.W.2d 247.)

¶ 1. PER CURIAM. This is a reciprocal discipline matter. On February 28, 2005, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursuant to SCR 22.22 requesting that this court revoke the license of Attorney Louis E. Neuendorf as reciprocal discipline identical to that imposed by the Supreme Court of Illinois. The OLR's complaint also notes that Attorney Neuendorf failed to notify the OLR of the Illinois disciplinary action within 20 days of the effective date of that order, in violation of SCR 22.22(1).[1] We determine that reciprocal discipline must be imposed here pursuant to SCR 22.22(3).[2] We therefore conclude that Attorney Neuendorf's license to practice law in Wisconsin shall be revoked and that he shall be re-

---

[1] SCR 22.22(1) provides: Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

[2] SCR 22.22(3) provides:

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

617

quired to pay the costs of this proceeding, which totaled $552.01, as of August 8, 2006.

¶ 2.   Attorney Neuendorf was licensed to practice law in Illinois in 1950 and was subsequently admitted to practice law in Wisconsin in 1957. He most recently practiced in Illinois.

¶ 3.   On September 24, 2004, the Supreme Court of Illinois disbarred Attorney Neuendorf based on 11 counts of misconduct. The Illinois misconduct included multiple instances of practicing law after receiving a 90–day license suspension on June 28, 2001, engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, engaging in conduct that is prejudicial to the administration of justice, and engaging in conduct that tends to defeat the administration of justice or to bring the courts or the legal profession into disrepute.

¶ 4.   Following the filing of the OLR's complaint and motion, this court issued an order directing Attorney Neuendorf to show cause, in writing, why the court should not impose the identical discipline as imposed by the Supreme Court of Illinois.

¶ 5.   Attorney Neuendorf did not file a response to this court's order, but did send a handwritten letter to the OLR. In his handwritten letter, Attorney Neuendorf made reference to an alleged "gross miscarriage of justice" by the Supreme Court of Illinois concerning its disbarment order, but did not offer any specifics. The letter also indicated that due to his advanced age and failing health, Attorney Neuendorf did not wish to respond to the OLR's complaint. The letter concluded, "If it would be of any advantage to you or the Wisconsin Supreme Court I tender my resignation from the Wisconsin Bar and withdraw my name from the roll of Wisconsin Attorneys."

¶ 6. Because Attorney Neuendorf's letter was unclear as to whether he contested the sufficiency of the action of the Supreme Court of Illinois under SCR 22.22(5)[3] or conversely wished to petition for consensual revocation of his license to practice law in this state under SCR 22.19,[4] the court sent two letters to Attor-

---

[3] SCR 22.22(5) provides:

(5) The supreme court may refer a complaint . . . to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

[4] SCR 22.19 provides: Petition for consensual license revocation.

(1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme court a petition for the revocation by consent or his or her license to practice law.

(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

(3) If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated. Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition. Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

(4) If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned. Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee. Upon a showing of good cause, the supreme court may extend the time for filing a response. The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.

ney Neuendorf asking for clarification of his position. When Attorney Neuendorf did not respond, the court appointed John R. Decker as referee to sort through the matter.

¶ 7. Referee Decker noticed and conducted a scheduling conference and an evidentiary hearing, but Attorney Neuendorf did not appear or otherwise respond. Because the final adjudication of misconduct by the Supreme Court of Illinois is conclusive evidence of Attorney Neuendorf's misconduct, *see* SCR 22.22(4),[5] and because there had been no showing that the imposition of reciprocal discipline would be unwarranted due to the presence of one or more of the conditions set forth in SCR 22.22(3), the referee recommended that Attorney Neuendorf should be subject to reciprocal discipline under SCR 22.22 and therefore that his license to practice law in Wisconsin should be revoked. The referee further recommended that Attorney Neuendorf should be required to pay the costs of this proceeding.

¶ 8. We agree with and accept the findings and recommendation of the referee. SCR 22.22(3) provides that in reciprocal discipline cases the court "shall impose the identical discipline or license suspension unless . . . [t]he procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to

---

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

[5] SCR 22.22(4) provides that "a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule."

constitute a deprivation of due process" violation; "[t]here was such an infirmity of proof establishing the misconduct . . . that [this court] could not accept as final" the other jurisdiction's misconduct finding; or "[t]he misconduct justifies substantially different discipline" in this state. Attorney Neuendorf has provided no proof showing that any of these three exceptions to the imposition of reciprocal discipline exists in this case. Accordingly, the imposition of the reciprocal discipline of revocation of Attorney Neuendorf's license to practice law in Wisconsin is warranted.

¶ 9.   IT IS ORDERED that the license of Louis E. Neuendorf to practice law in Wisconsin is revoked, effective the date of this order.

¶ 10.   IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Neuendorf shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶ 11.   IT IS FURTHER ORDERED that Attorney Neuendorf shall comply, if he has not already done so, with the requirements of SCR 22.26 pertaining to the duties of a person whose license to practice law in Wisconsin has been revoked.